CINCINNATI TRAC. CO. v. ALBERT H. JOHNSON.

1. "FAIRLY" AS APPLIED TO RAISING A PRESUMPTION MEANS "REASONABLY" NOT "CLEARLY."

"Fairly" in a charge instructing the jury "that if the evidence introduced by the plaintiff * * * *fairly* raises a presumption * * * that he was guilty of contributory negligence, then the burden is on him," means "reasonably" or "measurably" rather than "clearly."

2. CHARGE DEFINING ORDINARY CARE TO BE DOING EVERYTHING IN POWER TO AVOID THE NEGLIGENCE COMPLAINED OF IS PREJUDICIAL.

A charge to the jury, in an action against a street railway company for injuries sustained by a pedestrian struck by a car at a street crossing, instructing that "if you find from the evidence that the defendant company through its servants used ordinary care, doing everything in its power to avoid an accident, plaintiff cannot recover," instructs the jury in effect that ordinary care consisted in doing everything in its power to avoid the accident and is prejudicial, notwithstanding ordinary care is properly defined in another part of the charge.

Traction Co. v. Johnson.

3. CHARGING THAT RULE OF COMPANY AS TO PASSING CARS SHOULD BE-
CONSIDERED IN DETERMINING ORDINARY CARE IS NOT PREJUDICIAL.

A charge instructing jury to determine whether street car em-
ployes used ordinary care in approaching a street crossing at.
which an accident happened, including the rule of the company
which orders that when passing standing cars the gong be rung
and cars under complete control, does not mean that ordinary
care required the company to leave its car under complete con-
trol but that the company rule so required, and therefore the
charge is not prejudiced.

4. PEDESTRIAN PASSING BACK OF ONE CAR ONTO TRACKS ON WHICH CARS
OPERATE IN OPPOSITE DIRECTION WITHOUT STOPPING TO LOOK AND
LISTEN CONTRIBUTES TO HIS INJURY.

A pedestrian walking from behind a street car going in one di-
rection to and on tracks on which cars go in the opposite
direction without stopping to look and listen, on which he was
struck by a rapidly approaching car before he could step back
out of its way is guilty of negligence precluding recovery.

[Syllabus approved by the court.]

ERROR to common pleas court.

*Rufus B. Smith* and *Chas. A. Groom,* for plaintiff in error.
*Matthews & Matthews* and *Stricker & Johnson,* for de-
fendant in error.

## GIFFEN, P. J.

The plaintiff below, Albert H. Johnson, was injured at a
street crossing, while walking from behind a south-bound car
toward and near the north-bound track, by a car running
northwardly on that track.

Counsel complain of the following part of the general
charge:

"The burden of proving contributory negligence on the
part of the plaintiff, is upon the defendant, with this qualifica-
tion, that if the evidence introduced by the plaintiff as to the
circumstances under which his injuries were received, fairly
raises a presumption in your mind that he was guilty of con-
tributory negligence, then the burden is upon him to remove
that presumption. If no presumption arises, the burden re-
mains on the defendant."

The objection is aimed at the use of the word "fairly,"
the claim being that it means "clearly" and that the charge
requires a "clear" presumption of contributory negligence;

but we think that it was used in the same sense as "reasonably" or measurably and was so understood by the jury, who were not therefore misled.

The court further charged the jury as follows:

"If you find from the evidence that the defendant company through its servants used ordinary care, doing everything in its power to avoid an accident, plaintiff can not recover; but if it did not do this, but could in the exercise of ordinary care have avoided injuring him, plaintiff having exercised ordinary care, then he can recover."

This was in effect telling the jury that ordinary care on the part of the defendant consisted in doing everything in its power to avoid an accident and was clearly erroneous.

It is true that the court elsewhere properly defines ordinary care; but the jury would nevertheless be justified in following this instruction and probably did, as the plaintiff's own testimony came so near raising a presumption of contributory negligence. Indeed his amended petition raises a presumption of contributory negligence where he avers "that immediately after crossing over said south-bound track and stepping upon the space intervening between said south and north-bound tracks, which space was about three feet wide, plaintiff stopped to look and listen, to ascertain if any car was approaching upon said north-bound track, when * * * before plaintiff could step back and get out of the way of said approaching car, he was struck by the front and sides of said car."

This is an admission by the plaintiff that it was his duty, under the circumstances, to look and listen; but it availed him nothing to look or listen after he had advanced so far and stopped in a place of known danger. If he recognized the danger of the situation and his duty to look for an approaching car on the north-bound track, which this averment as well as his evidence seem to imply, he could, by looking at the proper time, have avoided the accident, and should have done so. He testifies, however, that he did not stop but looked while walking.

We think, therefore, that this instruction not only imposed

Traction Co. v. Johnson.

the highest degree of care upon the defendant but tended to lessen that which was required of the plaintiff.

The court further charged the jury on the subject of ordinary care as follows:

"You must further determine whether the servants of the company used ordinary care in approaching said crossing from all the evidence, including the rule of the company which orders that when passing standing cars the gong must be rung and the cars must be under complete control."

This instruction does not mean, as counsel contends, that ordinary care required the company to have its car under complete control when passing standing cars, but it does mean that the rule of the company so required, and that the jury could consider that rule along with the other evidence in determining ordinary care. There was no error in thus charging the jury.

The third special instruction requested by the defendant to be given to the jury was properly refused by the court upon the authority of *Cincinnati St. Ry.* v. *Snell,* 54 Ohio St. 197 [43 N. E. Rep. 207; 32 L. R. A. 276].

The second special instruction is as follows:

"If the jury find from the evidence that the plaintiff attempted to cross Montgomery avenue at a point between squares directly behind a south moving car, and after passing the back of the south moving car did nothing to inform himself as to whether a car might not be approaching from the opposite direction on the track which he intended to cross, but stepped immediately in the way of the approaching car so that it was impossible for the motorman to have stopped the car and have avoided the accident, the jury should find for the defendant."

While the word "squares" does not express the meaning intended, it seems to us immaterial whether the plaintiff was passing over a crossing or between crossings, as he would not in either case be exercising care if he did nothing to inform himself as to whether a car might not be approaching. The instruction, however, is substantially the same as the first special

instruction which the court gave to the jury, hence there was no error or prejudice in refusing it.

In considering the weight of the evidence we do not find it insufficient in the particular claimed by counsel; but it is so with reference to due care on the part of plaintiff. The precision with which he sets forth in his amended petition the times and places of listening and looking for an approaching car, and the like precision with which he testifies to the same acts, leave little doubt that he saw the car in time to avoid injury. The only possible excuse suggested is the sudden appearance of the north-bound car running at a high rate of speed as he emerged from behind the south-bound car, and the confusion resulting to one who assumed that if any car was coming it would be at a lawful rate of speed; but giving due weight to all the facts in the case we are still of the opinion that he was guilty of contributory negligence although not so as matter of law, and that the court erred in not granting a new trial for that reason as well as error in the charge.

The judgment will therefore be reversed, and the cause remanded for a new trial.

**Smith** and **Swing, JJ.,** concur.